†STATE OF OHIO EX REL. v. THOS. W. GRAYDON, ET AL.

ABUTTER WHO DID NOT PAY ASSESSMENTS MAY TAP UPON PAYMENT OF LICENSE FEE.
An abutting proprietor has the right to tap a public sewer on payment of the license fee, without paying two dollars a foot, although the assessment for its construction was adjudged invalid, and he consequently never paid but part of it.

Mandamus.

SMITH, J.

We are of the opinion that on the pleadings and evidence, relator is entitled to the relief prayed for, and that it comes within the ruling of this court in the case of Springmyer v. Bowler, 1 Ohio Circ. Dec. 279.

The sewer in question is a public sewer, and under the law of the state and the ordinances of the city, the owners of lots adjacent thereto are authorized, on the payment of the license fee fixed by the statute and ordinances, and a tender of performance of all the other requirements thereof (all of which have been tendered in this case), to tap or make connection therewith, without paying the amount of $2.00 per front foot of his lot, which the city authorities seek to require him to pay, on the ground that the assessment of that amount laid upon his prop-

---

†This judgment was affirmed by the supreme court without report, November 21, 1893. Bradbury, Spear and Minshall, JJ., dissent.

erty, and that of a part of the other property adjacent thereto, for the construction of the sewer, was by the judgment of the Superior Court held to be invalid, and a much larger part of the cost of the construction thereof, than was intended, was cast upon the city. The relator's property cannot, for this reason, be in this way, in effect, assessed to the full amount allowed by the law.

A peremptory writ will therefore issue against the defendants requiring them to issue such license, to be delivered to relator on the payment of the regular license fees, and the fulfillment of the other requirements of the statute and ordinance.

Herbert Jenney, for plaintiff.

John Galvin, assistant city solicitor, for defendant.